IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2:16-cv-166

| | |
|---|---|
| KURT ANDALL, ) | |
|     *Movant,* ) | |
| ) | |
| v. ) | Crim. No. 5:13CR000130-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     *Respondent.* ) | |

## MOTION TO VACATE AND CORRECT SENTENCE UNDER 28 U.S.C. § 2255

### INTRODUCTION

Petitioner, Kurt Andall, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

On September 29, 2014, this Court sentenced Mr. Andall to a term of 79 months' imprisonment after finding that he was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. The Court found Mr. Andall to be a career offender after adopting the finding of the presentence report that his instant offense was a "controlled substance offense" and that he had at least two qualifying prior convictions that supported the career offender enhancement.

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Mr. Andall is no longer a career offender because his prior Vermont aggravated domestic assault conviction and New York attempted robbery conviction no longer qualify as "crimes of violence."

In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). It follows from *Johnson* that the identical residual clause in